[Crim. No. 1009.   First Appellate District, Division One.—August 12, 1921.]

In the Matter of the Application of ERNEST B. D. SPAGNOLI for a Writ of Habeas Corpus on Behalf of EDMUND MURPHY.

[1] CRIMINAL LAW — RAPE — USE OF FORCE AND VIOLENCE — PLACE OF PUNISHMENT — DUTY OF JURY TO DETERMINE — CONSTRUCTION OF CODE.—The provision of section 264 of the Penal Code, making it incumbent upon the jury to determine whether or not the defendant, if found guilty, should be imprisoned in the county prison, or in the state prison, is only applicable in cases in which the prosecution is for offenses under subdivision 1 of section 261 of the Penal Code, the rape being accomplished without force, and the female being over the age of sixteen years and under the age of eighteen years, and is not applicable when the rape is committed over the resistance of the prosecutrix by means of force and violence.

APPLICATION for a Writ of Habeas Corpus to secure the release of a person convicted for the crime of rape and imprisoned in the state prison.   Writ denied.

Ernest B. D. Spagnoli for Petitioner.

THE COURT.—This is an application for a writ of *habeas corpus* on behalf of Edmund Murphy, who is imprisoned in the state prison, under conviction and sentence for the crime of rape of Jessie Montgomery, accomplished against her will and consent, and over her resistance. The jury rendered a general verdict of "guilty of the crime of felony, to wit: rape, as charged in the indictment." The court thereupon sentenced the defendant to imprisonment in the state prison at San Quentin.

[1] On this application it is contended that because, during the trial, Jessie Montgomery testified that she was but seventeen years of age at the time the rape was accomplished, it became incumbent upon the jury, under section 264 of the Penal Code, to determine whether or not the defendant, if found guilty, should be imprisoned in the county jail, or in the state prison. A complete answer to the contention is that said section is, by its terms, only made applicable in cases in which the prosecution is for offenses under subdivision 1 of section 261 of the Penal Code, the rape being accomplished without force, and the female being over the age of sixteen years and under the age of eighteen years, in which cases the jury has discretionary power to fix the place of imprisonment in either the county jail or in the state prison. In the case at hand the offense was under subdivision 3 of the section, being accomplished over the resistance of the prosecutrix by means of force and violence.

The application for a writ is denied.